**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FRANCISCO SANTANA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:13CV200 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

**Procedural Background**

In United States v. Santana 4:90CR30 JCH (E.D. Mo.), a jury found petitioner guilty of drug conspiracy and a related charge. This Court sentenced petitioner to a total term of 600 months' imprisonment. The conviction was affirmed on direct appeal. See United States v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993). Petitioner subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 asserting several claims. Santana v. United States, 4:97CV1456 JCH

(E.D. Mo.). This Court denied the motion, but granted petitioner a certificate of appealability. Id. The United States Court of Appeals for the Eighth Circuit affirmed. Santana v. United States, 1 Fed. Appx. 605 (8th Cir. 2001). Petitioner states that he subsequently filed a motion in the United States Court of Appeals for the Eighth Circuit for permission to file a successive habeas petition, which was denied.

In 2010, movant petitioned the Court for a writ of audita querela, arguing that the United States Supreme Court's decision in United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), created a change in the law regarding ineffective assistance of counsel that should be retroactively applied to his conviction. The Court denied movant's application for writ of audita querela, finding that a post-judgment change in the law could not form the basis for relief. See Santana v. United States, 4:10CV939 JCH, (E.D. Mo.). The Eighth Circuit Court of Appeals affirmed the denial of the writ. Santana v. United States, No. 10-2417 (8th Cir. 2010).

## Discussion

In the instant motion to vacate, movant appears to be seeking to file a successive motion to vacate pursuant to 28 U.S.C. § 2255(h)(2), which authorizes the filing of a success claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Similar to his application for audita querela, movant argues that there was a change in the law

regarding the application of ineffective assistance of counsel claims that should be retroactively applied to his conviction.  As movant is aware, the District Court has no jurisdiction to review applications for second or successive motions to vacate, pursuant to 28 U.S.C. § 2244(b)(3)(A).

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief.

Nonetheless, movant asserts that the "gatekeeping provision of 28 U.S.C. § 2244(b)(3) is not applicable here because the deficiency of counsel claim raised was not reasonably available during [his] initial habeas petition." As further explanation for his argument, movant asserts that his claim was not available prior to the "U.S. Supreme Court's holdings in Lafler v. Cooper, Docket No. 10-209 (2012) and Missouri v. Frye, Docket No. 10-444 (2012). . ."[1] Movant, it appears, is attempting to assert that

---

[1] The Court assumes that plaintiff is referring to the cases of Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399.

-3-

Lafler v. Cooper and Missouri v. Frye qualified as new rules of constitutional law for purposes of § 2255(h)(2) and that this somehow provides a way around the "second or successive" requirement in the statute. He is simply incorrect. In addition, the substantive basis behind his procedural argument is also faulty.

In both Frye and Lafler, the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 686 (1984), extends to the negotiation and consideration of plea offers that lapse or are rejected. The Eighth Circuit has recently announced, like many other Circuits before it, that the Supreme Court's rulings in Missouri v. Frye and Lafler v. Cooper did not announce a new rule of constitutional law. See Williams v. U.S., No. 12-2659, 2013 WL 238877 (8th Cir. January 23, 2013); see also, Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 879-90 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012). As such, even if this Court could authorize a second or successive motion pursuant to § 2255(h)(2), there does not appear to be a basis for doing so. But of course, as noted above, that decision must be up to the Eighth Circuit Court of Appeals.

As the instant motion before the Court is a second or successive motion within the meaning of § 2244, the motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** as successive.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>1st</u> day of February, 2013.

          <u>/s/Jean C. Hamilton</u>
          JEAN C. HAMILTON
          UNITED STATES DISTRICT JUDGE